UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE<br><br>           Plaintiff,<br><br>v.<br><br>REGINALD ABRAHAM<br><br>           Defendant. | Civil Action No.<br><br>(Jury Trial Demanded) |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION TO PROCEED UNDER PSEUDONYM

Plaintiff Jane Doe ("Plaintiff" or "Ms. Doe") respectfully moves this Court to file her Complaint and all other papers in this matter as "Jane Doe."

Ms. Doe is a survivor of human trafficking as defined by the Trafficking Victims Protection Act of 2000 ("TVPA"). Through means of force, threats of force, and coercion, Defendant caused Ms. Doe to engage in commercial sex acts, for which Defendant trafficked Ms. Doe to Dracut, Massachusetts, and various other locations in Massachusetts, New Hampshire, and Rhode Island. As described in her Complaint, Ms. Doe was forced by Defendant to endure horrific and continuous physical and psychological abuse.

Ms. Doe's identity should not be disclosed to the public due to the nature of the facts detailed in the Complaint, and because Ms. Doe satisfies the requirements for anonymity as laid out by the First Circuit in *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61 (1st Cir. 2022).

During the related criminal case, Ms. Doe's identity and the identities of Defendant's other victims were protected. *See United States v. Abraham*, 63 F.4th 102, 104 n.1 (1st Cir. Mar. 24, 2023); *see also*, *United States v. Abraham*, 498 F. Supp. 3d 175, 179 (D. Mass. 2020), *aff'd* 63

F.4th 102 (1st Cir. 2023).. Permitting Ms. Doe to file her civil case under a pseudonym will treat this matter consistently with the related criminal case.

Finally, Ms. Doe is prepared to identify herself to the Court and to opposing counsel—under the confidentiality of a suitable protective order—as the Court deems appropriate.

## FACTUAL BACKGROUND

The following is an abbreviated factual background taken from Ms. Doe's Complaint:[1]

Defendant began communicating with Ms. Doe online. Finding her at a vulnerable point in her life, he convinced her he wanted to be her boyfriend, promised her a job, and then lured her to his house from where he conducted his trafficking organization. He operated first out of a house in Malden, Massachusetts and later out of a house in Dracut, Massachusetts. As he did to other women in his house, Defendant used violence, threats, and the supplying and withholding of drugs to induce and coerce Ms. Doe into engaging in prostitution.

Defendant would advertise the women by posting prostitution advertisements online. He chose where the women worked and gave them nightly prostitution quotas. If the women met their quota, he would often reward them with extra drugs, and would beat them and withhold drugs if they failed to meet their quota.

Defendant forced the women to follow his rules, which included staying inside his house during the day, turning over all money they made, not speaking to other men, and not accessing

---

[1] The Court may take judicial notice that the following facts, as well as the more detailed version in Ms. Doe's Complaint, come directly from the trial record in the related criminal proceeding and the First Circuit's opinion in the appeal therefrom affirming the conviction in full. *See United States v. Abraham*, 63 F.4th 102, 104 n.1 (1st Cir. Mar. 24, 2023); *see also, e.g., United States v. Abraham*, 498 F. Supp. 3d 175, 179 (D. Mass. 2020), *aff'd* 63 F.4th 102 (1st Cir. 2023). Thus, these facts may be deemed admitted, at least for purposes of this motion.

any social media. He would beat them or withhold drugs if they disobeyed him. As a warning, he made the other women watch when he would beat one of them with whom he was displeased.

Plaintiff was subjected to severe physical and psychological abuse at the hands of the Defendant. He got her addicted to drugs by switching her anti-anxiety medicine for oxycodone, then withheld drugs from her as punishment. In Ms. Doe's words at trial, the withdrawal made her "feel like [she was] dying." On multiple occasions, he choked, beat, and slapped Ms. Doe. He hit her with hammer, put her in a dog cage, threatened her with his pit bull, and made her watch him beat the other women in the house.

Defendant also subjected Ms. Doe to multiple rapes, including one particularly gruesome gang rape at the hands of Defendant's gang, "the Zoe Pound."

## LEGAL BACKGROUND

As a general matter, cases filed in this Court are a matter of public record. However, the First Circuit and this Court recognize some exceptions to that general rule.

In what it deemed a case of first impression, the First Circuit in *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61 (1st Cir. 2022) (hereinafter, "*MIT*"), addressed the issue of when it is appropriate for a party to use a pseudonym in a civil suit. After considering the multi-factor tests used in other circuits, the *MIT* court declined to "try our hand at crafting sharp, categorical exceptions to the strong presumption against pseudonymity in civil litigation" in favor of the "the easily understood 'totality of the circumstances' standard." *MIT*, 46 F.4th at 70. According to the First Circuit, a district court "should balance the interests asserted by the movant in favor of privacy against the public interest in transparency…." *Id.* at 72. Recognizing that some further guidance would be helpful, the *MIT* court went on to identify "four general [non-exclusive] categories of exceptional cases in which party anonymity ordinarily will be warranted." *Id.* at 71. Those are: (1) where "a

would-be Doe [] reasonably fears that coming out of the shadows will cause him unusually severe harm (either physical or psychological)"; (2) where "identifying the would-be Doe would harm 'innocent non-parties'"; (3) where "anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated"; and (4) where the suit is "bound up with a prior proceeding made confidential by law." *Id.* at 71-72.

## DISCUSSION

All four categories apply here. Ms. Doe "reasonably fears that coming out of the shadows will cause [her] unusually severe harm." As detailed in the complaint, Defendant severely abused her, physically and psychologically, including subjecting her to beatings, inhumane treatment, and multiple rapes. Although Defendant is currently incarcerated, on information and belief, his gang, the "Zoe Pound," which participated in gang raping Ms. Doe, is still free. Coming out of the shadows would reasonably put Ms. Doe at severe risk of retaliation.

Identifying Ms. Doe could also harm innocent non-parties. Ms. Doe has a child who would be harmed if Ms. Doe's identity were made public. First, there is the risk that Defendant's gang could retaliate against the child. Additionally, the child is of school-age. Publicly disclosing Ms. Doe's identity could subject the child to psychological abuse at school.

In addition, "anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated." As detailed in the thorough Sentencing Memorandum from the related criminal case, there were at least three other victims that Defendant trafficked. *See United States v. Abraham*, 498 F. Supp. 3d 175, 179 (D. Mass. 2020), *aff'd* 63 F.4th 102 (1st Cir. 2023). Publicly disclosing Ms. Doe's identity would reasonably have a chilling effect on the other victims should any of them decide to pursue damages against Defendant.

Finally, this case would be "bound up with a prior proceeding made confidential by law." The court in the criminal proceeding protected the victim's names per Supreme Court and First Circuit precedent. *See United States v. Abraham*, 63 F.4th 102, 104 n.1 (1st Cir. Mar. 24, 2023). This civil action proceeds from the same set of facts that Defendant was convicted on and, thus, should be treated consistently.

## **CONCLUSION**

Ms. Doe suffered humiliating and inhumane treatment at the hands of the Defendant. She should not be forced to bear additional pain and suffering from having her name forcibly made public in these proceedings. This case fits well within the "exceptional cases" outlined by the First Circuit in *MIT*. Thus, Ms. Doe respectfully asks the Court to:

(1) grant her motion to proceed under a pseudonym;

(2) enter a protective order prohibiting Defendant and his counsel from disclosing Plaintiff's identity to any third party unless such disclosure is absolutely necessary to defend against this action;

(3) order that all filings (unless filed under seal) shall refer to Plaintiff as "Jane Doe" and that the filing party shall redact all personal identifiers in accordance with Rule 5.2 of the Federal Rules of Civil Procedure; and

(4) order that any nonparty who is informed of Plaintiff's identity shall be bound by the Court's order and shall receive a copy of the same.

Dated: January 7, 2025                    Respectfully submitted,

By: /s/ *Eda Stark*

Eda Stark (BBO No. 703974)
eda.stark@blankrome.com
**BLANK ROME LLP**
125 High Street
3rd Floor
Boston, MA 02110
Telephone: (771) 217-2995

Andrew R. Kopsidas (*Pro Hac Vice* forthcoming)
andrew.kopsidas@blankrome.com
**BLANK ROME LLP**
1825 I Street, N.W.
Washington, DC 20006
Telephone: (202) 420-2200

*Attorneys for Plaintiff Jane Doe*